# In re West Norriton Township Election

*Smillie & Bean*, for petitioners.

. *E. Arnold Forrest*, for county commissioners.

DANNEHOWER, J., May 25, 1938.—On May 13, 1938, Alex G. Harrison and Elizabeth M. Newton filed their petition alleging that their names as committeeman and committeewoman of West Norriton Township Election District were omitted from the spring primary ballot. Thereupon a rule was granted upon the county board of elections to show cause why the ballots should not be re-printed so as to contain their names.

On the following day, May 14, 1938, after a hearing, the rule was discharged by the court, who stated that, if counsel requested a written opinion containing the reasons for its decision, one would be delivered. Counsel thereafter requested a written opinion.

From the evidence submitted, the following facts are found:

1. On March 4, 1938, more than 20 qualified electors of West Norriton Township Election District filed their petition praying for a division of said election district, and on the same day, in accordance with section 503 of the Pennsylvania Election Code of June 3, 1937, P. L.

1333, the court referred said petition to the county board of elections for their report and recommendation to the next term of court.

2. Thereafter, on March 25th and March 28th, respectively, Alex G. Harrison and Elizabeth M. Newton, duly registered and qualified electors of said election district, filed their separate petitions to have their names printed on the official ballot for the spring primary election as county committeeman and committeewoman of West Norriton Township Election District.

3. On March 29, 1938, the county board of elections caused 10 notices of said proposed division to be posted in 10 public and conspicuous places in said district, which contained a notification that written objections must be filed with the clerk of court on or before Friday, April 8, 1938.

4. On or about April 6, 1938, the county board of elections filed its report and recommended that West Norriton Township Election District be divided into two election districts—West Norriton Election District No. 1, and West Norriton Election District No. 2, to promote the convenience of the electors and the public interests.

5. On April 6, 1938, written objections to said proposed division were filed by numerous qualified electors.

6. On April 22, 1938, the court in banc held a public hearing, and testimony was presented in favor of and against said proposed division.

7. Thereafter, on April 28, 1938, the court divided West Norriton Township Election District into two election districts, namely, West Norriton Election District No. 1 and West Norriton Election District No. 2, and appointed election boards to serve until election boards should be elected according to law, in accordance with section 505 of the Pennsylvania Election Code, supra. The county board selected the polling places as required by the act.

8. On April 29, 1938, the county board of elections adopted a resolution to the effect that, as the court had

abolished the West Norriton Township Election District and divided it into two new election districts, and it was too late to file petitions for the offices of committeeman and committeewoman for the new districts, no names of candidates for the offices of county committeeman and county committeewoman be printed on the ballots for the spring primary of 1938 in the new election districts of West Norriton No. 1 and West Norriton No. 2, as designated by said decree of court.

9. Petitioners were not notified of said resolution until Thursday, May 12, 1938, at which time the ballots were open to public inspection as required by the Election Code.

10. The petition of Alex G. Harrison to have his name printed on the official ballot as committeeman of West Norriton Township Election District contained sufficient names of qualified electors residing in West Norriton Election District No. 1 after the division. He lives in West Norriton Election District No. 1.

11. The petition of Elizabeth M. Newton to have her name printed on the official ballot as committeewoman of West Norriton Township Election District contained sufficient names of qualified electors residing in West Norriton Election District No. 2, after the division. Said candidate resides in West Norriton Election District No. 2.

Therefore, the following question was presented for decision:

Where candidates for the offices of county committeeman and committeewoman file valid nomination petitions for an election district which was abolished by decree of court and divided into two separate election districts before the election, should such candidates be entitled to have their names appear on the official primary ballot in the newly created election district wherein each resides, if the nomination petition of each contains the sufficient number of qualified electors in said newly created district?

When the court divided West Norriton Township Election District into two election districts, it abolished the old district and also the offices of committeeman and committeewoman for the old district. It created two new election districts and also created the offices of county committeeman and committeewoman in each new district. No candidate could have complied with the mandatory provision of the Election Code, requiring all nomination petitions to be filed at least 50 days prior to the primary, because the new election districts were created by decree of court on April 28, 1938, only 20 days prior to said primary. The county board of elections were therefore correct when they refused to print the names of any candidates for the offices of committeeman and committeewoman for the newly created election districts, thus compelling any candidate to have his or her constituents write or print his or her name on the ballot for said office.

A similar case is presented where a candidate has filed valid nomination papers for an office which was abolished before the election by the legislature. Here the court not only abolished the old election district, but the offices and created two new election districts and new offices for each election district.

It is unfortunate for the petitioning candidates that their names did not appear on the official primary ballot, because they fully complied with the Election Code, but if they read the newspapers, which contained a conspicuous news item concerning the division of their election district on or about March 4, 1938, when the petition for division was presented to the court, they would have realized that when they filed their nomination petitions on March 25, 1938, and March 28, 1938, they were taking their chances of the district and the office being abolished by decree of court. To have had their names printed on the ballots would have required the reprinting of approximately 1,500 ballots, two days before the primary election.

And now, May 25, 1938, for the foregoing reasons, the order of May 14, 1938, discharging the rule to show cause, is hereby affirmed.